STATE of Iowa, Iowa DEPARTMENT OF TRANSPORTATION, Appellee,

v.

Gerald Dean MARVIN, Appellant.

No. 65542.

Supreme Court of Iowa.

June 17, 1981.

B. Joan White of Tysseling Law Office, Ames, for appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

LeGRAND, Justice.

This appeal raises the question of alleged conflict in the 1979 Code between statutes concerning sentences imposed under section 321.281 and proceedings to suspend driving privileges under code section 321.555–.560. We affirm the judgment suspending defendant's driving privileges for a period of six years as provided in section 321.560.

On March 19, 1979, defendant was sentenced for operating a motor vehicle while under the influence of an alcoholic beverage. It was his third such offense since 1975. The sentence included a provision that his operator's license was revoked for an indefinite period. *See* section 321.281, The Code. He was permitted to drive his car for purposes of employment, but the judgment included this provision: "There shall be no personal usage of a motor vehicle for a period of two years apart from operation within the scope of employment."

On July 12, 1979, the state filed a petition under the provisions of section 321.555(1)(b), The Code 1979, alleging defendant was an habitual offender and asking that his license be suspended for a period of six years as provided in section 321.560. Following a hearing, the court found defendant was indeed an habitual offender as defined in the statute and suspended his driving privileges for the period then prescribed by the statute—six years.

■ Defendant appeals from that order, alleging irreconcilable conflict between the suspension of his driving privileges under section 321.281 and the greater period of suspension under section 321.560. We find no conflict between the statutes. Although both deal with driving privileges, section 321.281 sets forth criminal sanctions while sections 321.555–.561 are civil in nature. *State v. Robbins*, 257 N.W.2d 63, 66 (Iowa 1977). The outcome of a criminal prosecution does not affect a license revocation proceeding. *Carroll v. Iowa Dept. of Public Safety*, 231 N.W.2d 19, 21 (Iowa 1975) (administrative proceeding to suspend license under ch. 321B, 1973 Code).

**12**

When defendant was sentenced under section 321.281 for a criminal offense, the habitual offender statute was not a consideration; nor could it have been. Defendant became subject to its provisions only *after* his third conviction for violating section 321.281.

The suspension of licenses of habitual offenders is designed, not to punish the offender, but to protect the public from those who persistently refuse to obey the statute which forbids driving while under the influence of alcoholic beverages. *State v. Thomas*, 275 N.W.2d 422, 423 (Iowa 1979).

The statute (§ 321.556) directs the county attorney to file a petition asking the court to determine if defendant was a habitual offender. The court found he was. This finding obligated the court to suspend defendant's driving privileges. (§ 321.559). The period of suspension, at the time, was fixed at six years. (§ 321.560). The legislative intent is clear that those with driving records like defendant's should be kept off the highways of this state for six years. This may seem severe to defendant, but in view of the injuries and deaths caused by drunk drivers, it cannot be called unreasonable.

Defendant raises another issue. An amendment to section 321.560 now allows a suspension of not less than two nor more than six years. *See* ch. 1103, § 17, Laws of the Sixty-Eighth General Assembly.

Defendant says he should have the benefit of this amendment because of section 4.13, The Code, which provides:

If the penalty, forfeiture, or punishment for any offense is reduced by a re-enactment, revision, or amendment of the statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended.

We disagree. Judgment was rendered before the amendment became effective. The fact that enforcement of the judgment was stayed to await the outcome of this appeal does not entitle defendant to the lesser suspension. The penalty was "imposed" at the time of sentencing. Thus the amendment does not help defendant.

We have considered all matters raised on this appeal, whether specifically discussed or not. We find no reversible error, and the judgment of suspension under section 321.-560, The Code 1979, is affirmed.

AFFIRMED.