**STATE of Iowa, Appellee,**

v.

**John Burdett PETTIT, Appellant.**

**No. 84–507.**

Supreme Court of Iowa.

Jan. 16, 1985.

Donald L. Carr II, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., Denver D. Dillard, Co. Atty., and Michael Mollman, Asst. Co. Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

LARSON, Justice.

The issue on this appeal is whether the trial court, proceeding under Iowa Code section 321.281(9)(a), properly ordered a six-year revocation of the defendant's drivers license for a third drunk-driving violation. We affirm.

This defendant appeared before the district court and entered a plea of guilty to a

charge of operating while intoxicated in violation of Iowa Code section 321.281. The court determined that the defendant had been guilty of two prior violations of section 321.281—one in 1959 and the other in 1966—and ordered his operator's license revoked for a period of six years pursuant to section 321.281(9)(a). That section provides:

> Upon a plea or verdict of guilty of a third or subsequent violation of this section, the court in which the plea was entered or the verdict was returned shall order that the defendant's license or permit to operate motor vehicles be revoked by the department and that the defendant shall remain ineligible for a new license or permit for a period of six years. Any license or permit to operate motor vehicles held by the defendant shall be surrendered to the court who shall forward it to the department with a copy of the order for revocation.

On appeal, defendant asserts the following grounds for reversal: (1) that, in considering prior offenses, the trial court erred in failing to construe section 321.281(9)(a) to include the six-year limitation of section 321.281(2); (2) that revoking defendant's license solely on the basis of the number of violations was "not rationally related to the State's purpose in preventing injury or property damage"; and (3) that the trial court's interpretation of section 321.281(9)(a) was "not within the understanding of a reasonably prudent person" and therefore did not give adequate notice of potential sanctions.

I. Section 321.281(2) is an enhanced penalty statute. *State v. Ridout*, 346 N.W.2d 837, 838–39 (Iowa 1984); *State v. Miller*, 204 N.W.2d 834, 837 (Iowa 1973). It provides greater punishment for second and subsequent convictions under section 321.281. Section 321.281(2), however, places a time limit on the prior convictions which may be considered:

> No conviction for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation charged is a second, third or subsequent offense.

While section 321.281(2) contains an internal six-year cutoff period, no such limitation is included in section 321.281(9)(a). We compared these statutory provisions in the recent case of *State v. Blood*, 360 N.W.2d 820, 821 (Iowa 1984). Although the specific issues raised in *Blood* are not identical to those here, we did note the obvious differences between sections 321.281(2) and 321.281(9)(a). The former is a sentencing provision; the other is a license revocation provision, and the purposes to be served are different. *Id.* at 822.

The defendant argues that section 321.281 and all its subdivisions must be read together. When they are, he argues, the six-year limitation of section 321.281(2) must apply to section 321.281(9)(a) as well. To hold otherwise, he argues, would lead to absurd results. For example, he contends that one who commits three offenses, including such serious offenses as manslaughter, might receive only a two to six-year revocation under section 321.560 (habitual traffic offender provisions) while a person convicted of three offenses of drunk driving, even though they extended over many years, would face a revocation of six years under section 321.281(9)(a).

The answer to the argument is simply that this section does not expressly provide for a six-year limitation, and we will not read one into it. "In construing statutes, [we] search for the legislative intent as shown by what the legislature said, rather than what it should or might have said." Iowa R.App.P. 14(f)(13). Had the legislature intended a six-year statute of limitation to be included in section 321.281(9)(a), it could easily have done so either separately or by reference to the one contained in section 321.281(2). We have no reason to conclude that the legislature intended the six-year limitation in the criminal section to be applied as a part of the revocation proceedings under the subsequent portion of section 321.281 in view of the different policy considerations and the different purposes in the sections.

■ Further, we find no merit in defendant's argument that failure to insert a six-year limitation in the revocation section would lead to inconsistent results. While it is true that Iowa Code section 321.560 bars the issuance of a license for a period of two to six years for certain violations, it is also true that section 321.281(9)(a) provides that after two years from the date of revocation a defendant whose license has been revoked may apply to the court for restoration of eligibility. As a result, the revocation contained in section 321.281(9)(a) could be reduced to two years, while section 321.560 contains no such provision. The disparate treatment alluded to by the defendant simply is not a significant factor in view of these facts.

■ The defendant also argues that he is treated unfairly under section 321.281(9)(a) as a third offender when his conviction is actually for a first offense, because the two earlier offenses were beyond the six-year limitation. However, as we pointed out in *Blood* and reiterate here, section 321.281(9)(a) is not directed to the degree of guilt but rather is directed at keeping habitual offenders off the road—a matter of the protection of the driving public more than punishment.

II. Defendant next argues that the court erred in revoking his license solely on the total number of prior offenses. We have discouraged predetermined sentences or those based upon a failure to consider all relevant factors. *See, e.g., State v. Wright*, 340 N.W.2d 590 (Iowa 1983); *State v. Hildebrand*, 280 N.W.2d 393 (Iowa 1979); *State v. McKeever*, 276 N.W.2d 385 (Iowa 1979).

■ Under section 321.281(9)(a), however, when the requisite number of convictions have been found, the trial court has no discretion. It must order the revocation. Therefore, there can be no abuse of that discretion, and we reject the defendant's argument on that ground. Moreover, as we have already noted, this is a license revocation proceeding, not a sentence.

■ III. Defendant's final argument is that as a "reasonably prudent person" he had no way of knowing that he could be a first offender for purposes of criminal punishment and yet be a third offender for purposes of the revocation of his license. He argues that he therefore did not have adequate notice of the sanctions which would apply, and his constitutional right to due process was therefore violated. We do not agree. Section 321.281(9)(a), we believe, clearly provides for revocation without limitation on the time span which may be considered. Pettit must be presumed to know this is the law. *See* Iowa Code § 701.6 (1983); *State v. Clark*, 346 N.W.2d 510, 512 (Iowa 1984). He cannot bootstrap his suggested interpretation of section 321.281(9)(a) into a standard against which to assess a claim of lack of reasonable notice. We reject the defendant's notice argument.

We find no basis for reversal.

AFFIRMED.