STATE of Iowa, Appellee,

v.

**Jeffrey Le MASTER, Appellant.**

No. 85–1163.

Supreme Court of Iowa.

Aug. 20, 1986.

J.E. Tobey III, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., William E. Davis, Co. Atty., and Bobbi M. Alpers, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, LARSON, and CARTER, JJ.

HARRIS, Justice.

Defendant was sentenced following his conviction of operating a motor vehicle while intoxicated. Iowa Code § 321.281 (1985). As a part of the sentence the trial court ordered the revocation of defendant's motor vehicle operator's license for one year. At the time the trial court expressed the view that such a revocation was manda-

tory under Iowa Code section 321.281(9)(d). On appeal defendant challenges this view, arguing that the revocation was discretionary. Defendant contends the trial court had discretion in the matter and that it was error not to exercise it. *See State v. Jackson,* 204 N.W.2d 915, 917 (Iowa 1973). We affirm.

Section 321.281(9)(d) provides:

Upon a plea or verdict of guilty of a violation of this section during the occurrence of which there was an accident causing a serious injury in which the defendant was judged to be at fault, *the court in which the plea was entered or the verdict was returned shall order that the defendant's license or permit to operate motor vehicles be revoked by the department* and that the defendant shall remain ineligible for a new license or permit for a period of one year in addition to any other period of suspension.

(Emphasis added.)

Defendant makes no challenge to the factual basis for the order. He was found guilty of operating a motor vehicle while intoxicated. It is unchallenged that an accident occurred through defendant's fault while he operated the vehicle. It is also unchallenged that someone was seriously injured as a result.

We have recently recognized: "When a person is convicted of OWI, the sentencing court *must* order revocation of the defendant's driver's license for the period prescribed by [the] appropriate subsection of [our] OWI statute, Iowa Code section 321.-281 (1985)." *State v. Tuitjer,* 385 N.W.2d 246 (Iowa 1986) (emphasis added). We have not however previously considered whether the revocation provision in section 321.281(9)(d) is mandatory. But we did consider the question as it relates to nearly identical language in a companion subsection. *See State v. Blood,* 360 N.W.2d 820 (1985). Section 321.281(9)(a) provides:

Upon a plea or verdict of guilty of a third or subsequent violation of this section, *the court in which the plea was entered or the verdict was returned shall order that the defendant's license or permit to operate motor vehicles be revoked by the department* and that the defendant shall remain ineligible for a new license or permit for a period of six years.

(Emphasis added.) In *State v. Blood,* we held that section 321.281(9)(a) was not "a sentencing statute which provides guidance for the imposition of a penalty. Instead, ... [it] merely requires the court to perform the first step in the civil revocation of a driver's license." 360 N.W.2d at 822.

In *State v. Pettit,* 360 N.W.2d 833 (Iowa 1985), the challenge to section 321.281(9)(a) was nearly identical to the one this defendant raises. Pettit argued the trial court abused its discretion in revoking his license following his third OWI offense. In rejecting the argument we said:

Under section 321.281(9)(a) ... when the requisite number of convictions have been found, the trial court has no discretion. It must order the revocation. Therefore, there can be no abuse of that discretion, and we reject the defendant's argument on that ground. Moreover, as we have already noted, this is a license revocation proceeding, not a sentence.

360 N.W.2d at 836.

We believe the two provisions call for similar interpretations. *See State v. Peterson,* 347 N.W.2d 398, 402 (Iowa 1984) ("Statutes relating to the same subject matter, or to closely allied subjects, may properly be construed, considered and examined in the light of their common purposes and intent."). Strong public policy arguments also support similar interpretations. The revocation in both cases should be mandatory. In *Pettit* we noted:

[S]ection 321.281(9)(a) is not directed to the degree of guilt but rather is directed at keeping habitual offenders off the road—a matter of the protection of the driving public more than punishment.

360 N.W.2d at 836. *See also Blood,* 360 N.W.2d 822 ("[T]he purpose of the legislature in enacting section 321.281(9)(a) was to protect the public by providing that drivers who have demonstrated a pattern of driv-

ing while intoxicated be removed from the highways.").

The trial court correctly ruled it had no discretion in the matter; revocation was mandatory.

AFFIRMED.