**STATE of Iowa, Appellee,**

v.

**Danielle Daphine AXTON, Appellant.**

**No. 97–1739.**

Supreme Court of Iowa.

Dec. 23, 1998.

Bruce D. Nestor of Tindal, Erdahl, Goddard & Nestor, PLC, Iowa City, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Kerry Anderson, Assistant Attorney General, for appellee.

PER CURIAM.

The appellant, Danielle Daphine Axton, had her operator's privileges revoked for six years pursuant to Iowa Code section 321J.4(3)(a) (1993) upon a third conviction of operating while intoxicated. At the time of that revocation, she was eligible to seek an early restoration of her operator's privileges after two years based on the provisions of Iowa Code section 321J.4(3)(b). Because the latter statute had been repealed prior to the time that Axton made her application for an early restoration of her driver's privileges, the district court determined that it had no authority to grant an early restoration of her privileges. Axton has appealed. After considering the facts and the arguments presented, we affirm the judgment of the district court.

On April 19, 1994, Danielle Axton was sentenced for third-offense operating while intoxicated in violation of Iowa Code section 321J.2 (1993). On June 9, 1994, the district court entered an order that revoked Axton's

privilege to operate motor vehicles in Iowa for a period of six years, pursuant to Iowa Code section 321J.4(3)(a). Later, the Johnson County Attorney instituted civil proceedings against Axton, seeking to suspend Axton's driving privileges pursuant to Iowa Code section 321.555. On August 18, 1994, a three-year bar of Axton's driving privileges began pursuant to the civil proceeding. Consequently, under Iowa Code section 321J.4(3), Axton's license was suspended until June 9, 2000, and under Iowa Code section 321.560, Axton's driving privileges were barred until August 18, 1997.

At the time the six-year revocation was imposed, section 321J.4(3)(b) provided that, two years after the date of revocation, Axton could apply to the court for reinstatement of her driving privileges upon fulfillment of certain conditions. One of these conditions was that the three-year bar must have expired. Iowa Code § 321J.4(3)(b)(4) (no eligibility if license under suspension for another reason).

The three-year bar expired on August 18, 1997, and Axton then applied for early restoration of the privileges taken under the six-year revocation. A hearing was held, and on August 28, 1997, the district court entered an order denying Axton's application for reinstatement based upon the change in the statute. The court found that Axton had fulfilled the requirements for restoration of her motor vehicle license under the statute but that the repeal of the statute required a denial of her application. *Id.* Axton appeals this denial and challenges the statute on constitutional grounds.

Axton advanced three arguments in seeking to overturn the district court's ruling. These are: (1) whether the district court erred in determining the effective date of the repeal of Iowa Code section 321J.4(3)(b); (2) whether the repeal of section 321J.4(3)(b) violated the ex post facto restrictions of article I, section XXI of the Iowa Constitution or Article I, Sections IX and X of the United States Constitution; and (3) whether, in not determining Axton's right to early reinstatement under the statutory scheme in effect at the time her license was revoked, the court has violated her right to equal protection of

the law as contrasted with other persons similarly situated.

The contention that Axton has made with respect to the effective date of the repeal of the early restoration statute has been resolved against her in *Iowa Department of Transportation v. Iowa District Court for Buchanan County,* 587 N.W.2d 774, 777 (Iowa 1998). Her ex post facto challenge has been resolved against her in *State v. Flam,* 587 N.W.2d 767, 769 (Iowa 1998). Consequently, it is only necessary for us to consider Axton's equal protection challenge.

Initially, on her equal protection claim, Axton requests that we apply a higher level of scrutiny than a rational-basis analysis because the right to engage in automobile travel is essential to social independence. Even if a higher level of scrutiny than rational basis is employed, and we decline to say that it should be, Axtons equal protection argument must fail. Unless this court's interpretation of the consequences of the repeal of section 321J.4(3)(b), as settled in *Iowa District Court for Buchanan County,* 587 N.W.2d at 777 serves to deny vested rights under a due process theory, no discrimination exists that would support an equal protection challenge.[1] That is because, when rights are determined by reason of the effective date of either a statutory enactment or a statutory repeal, persons whose entitlements fall on one side of the legislature's time demarcation will always be treated differently from those persons whose entitlements fall on the other side. But, the discriminatory aspects of that reality, as opposed to the potential denial of vested-rights consequences, are an inevitable consequence of a pattern of evolving legislative regulation. As this court observed in *Beeler v. Van Cannon,* 376 N.W.2d 628 (Iowa 1985):

> It seems inevitable that a number of litigants will be adversely affected by any change of law. This is a matter which weighs heavily in the consideration of any change. The legislative body or the court which undertakes a change must exercise its best judgment about which point in

---

**1.** Axton has made no due process challenge based on a claimed vested right.

time would result in the most justice for the most persons.

*Beeler,* 376 N.W.2d at 630–31.

We have considered all issues presented and conclude that the judgment of the district court must be affirmed.

**AFFIRMED.**

All justices concur except CARTER and SNELL, JJ., who dissent separately.

CARTER, Justice (dissenting).

I dissent because I believe that, at the time the six-year revocation took place, section 321J.4(3)(b) accorded Axton a right to apply for early reinstatement to a court with authority to grant early reinstatement. If the savings feature contained in section 4.13(2) is applied according to its own clear directives, the repeal of section 321J.4(3)(b) should not affect that preexisting right.

SNELL, Justice (dissenting).

I respectfully dissent from the majority opinion for the reasons stated in my dissent in *Iowa Department of Transportation v. Iowa District Court for Scott County,* 587 N.W.2d 781, 1998 WL 897090 (Iowa 1998). Axton's right to apply for restoration of her driving privileges accrued on June 9, 1996, two years from the date the six-year revocation was imposed. Therefore, while her application was made after the repeal of Iowa Code section 321J.4(3)(b), her right to proceed under that statute had accrued and was saved by the savings clause found in Iowa Code section 4.13(2). I would reverse the judgment of the district court and remand for further proceedings.