STATE of Iowa, Appellee,

v.

Robert Carl FLAM, Appellant.

No. 97–2182.

Supreme Court of Iowa.

Dec. 23, 1998.

Steven E. Ort of Bell, Hansen, Ort & Cornell, P.C., New London, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Gerald N. Partridge, County Attorney, and Barbara A. Edmondson, Assistant County Attorney, for appellee.

TERNUS, Justice.

Defendant, Robert Flam, lost his driver's license for six years upon his conviction for third-offense operating while intoxicated. *See* Iowa Code §§ 321J.2, .4(3)(a) (1995). Two years later, on November 5, 1997, he filed an application to have his eligibility for a driver's license restored pursuant to Iowa Code section 321J.4(3)(b). The district court denied his application because section 321J.4(3)(b) had been repealed by the legislature, effective July 1, 1997. *See* 1997 Iowa Acts ch. 177, § 9; Iowa Code § 3.7(1). Finding no basis for reversal, we affirm.

I. *Background Facts and Proceedings.*

On September 20, 1995, Flam was convicted and sentenced for operating a motor vehicle under the influence (OWI), third offense, in violation of Iowa Code section 321J.2. In addition to imposing sentence, the trial court ordered the department of transportation to revoke Flam's driver's license for six years pursuant to Iowa Code section 321J.4(3)(a). The department did so.

On November 5, 1997, Flam filed an application with the court seeking to have his eligibility for a license restored pursuant to section 321J.4(3)(b). The district court denied his application on the basis that the statute authorizing restoration of license eligibility had been repealed. Flam appeals, claiming (1) the repeal of section 321J.4(3)(b) is ineffective as to him due to the operation of the savings provision contained in Iowa Code section 4.13, and (2) should the court conclude the repeal of section 321J.4(3)(b) does apply to him, the repeal operates as an ex post facto law in violation of the federal and state constitutions, *see* U.S. Const. art. I, § 10, cl. 1; Iowa Const. art. I, § 21.

## II. *Scope of Review.*

■ We review questions of statutory interpretation for correction of errors of law. *See In re E.H. III*, 578 N.W.2d 243, 245 (Iowa 1998). We review the defendant's constitutional claim de novo. *See id.*

## III. *Applicability of Section 4.13.*

■ In two cases decided today, we held that persons subject to a six-year revocation of their driver's licenses who sought restoration of license eligibility after July 1, 1997 could not rely on section 321J.4(3)(b) to have their eligibility for a license restored. *Iowa Dep't of Transp. v. Iowa Dist. Ct. for Buchanan County*, 587 N.W.2d 774 (Iowa 1998); *Iowa Dep't of Trans. v. Iowa Dist. Ct. for Scott County*, 587 N.W.2d 781 (Iowa 1998). Our decisions rested on two conclusions: (1) that persons who had not satisfied the statutory requirements for restoration of license eligibility prior to the repeal of section 321J.4(3)(b) had no privilege that had accrued or that had been acquired or accorded so as to trigger the protection of section 4.13; and (2) that such persons were not entitled to a "remedy" so as to fall within section 4.13(4).

Flam's claim suffers the same fate. As of July 1, 1997, the effective date of the repeal of section 321J.4(3)(b), Flam had not yet acquired or been accorded his eligibility for a driver's license. In addition, he had not yet satisfied the statutory prerequisites for license eligibility and therefore, this "privi-lege" or "remedy" had not yet accrued. Consequently, Flam cannot rely on section 321J.4(3)(b) to have his period of revocation shortened.

## IV. *Ex Post Facto Claim.*

■ Having determined that section 321J.4(3)(b) is not available to Flam, we must now consider Flam's claim that the repeal of this statute operated as an ex post facto law in violation of the United States and Iowa constitutions. Both constitutions prohibit ex post facto laws. *See* U.S. Const. art. I, § 10, cl. 1 ("No State shall ... pass any ... ex post facto Law."); Iowa Const. art. I, § 21 ("No ... ex post facto law ... shall ever be passed.").

■ In *Collins v. Youngblood*, 497 U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30, 39 (1990), the United States Supreme Court held the Ex Post Facto Clause means that "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." Similarly, we have recently held that "laws that impose punishment for an act that was not punishable when committed or that increase the quantum of punishment provided for the crime when it was committed" are forbidden by the Ex Post Facto Clause. *State v. Pickens*, 558 N.W.2d 396, 397 (Iowa 1997). Thus, the prohibition of ex post facto laws applies only to penal and criminal actions. *See Hills v. Iowa Dep't of Transp.*, 534 N.W.2d 640, 641 (Iowa 1995) (holding ex post facto doctrine applies only to "cases criminal in nature").

Flam claims the Ex Post Facto Clause is violated here because the repeal of section 321J.4(3)(b) has increased the punishment imposed upon him for third-offense OWI. We do not agree because our prior cases considering the nature of license revocation in this context hold that the revocation of an offenders driver's license is not punishment. *See State v. Blood*, 360 N.W.2d 820, 822 (Iowa 1985) (holding that license revocation for third-offense OWI is not intended as punishment, but is aimed at the protection of the public using the highways); *cf. State v. Moret*, 486 N.W.2d 589, 591 (Iowa 1992) (holding that "[t]he suspension of licenses of

habitual offenders is designed, not to punish the offender, but to protect the public from those who persistently refuse to obey the statute[s]"). Because license revocation is not penal in nature, the Ex Post Facto Clause is not implicated in this case.

### V. *Summary.*

Flam cannot rely on section 321J.4(3)(b) as a vehicle to have his eligibility for a driver's license restored. That statute was repealed prior to Flam having qualified to have his license eligibility restored under the statute. Because Flam had not yet been accorded eligibility for a driver's license under section 321J.4(3)(b) prior to its repeal, nor had he met the requirements for restoration of eligibility prior to repeal, there was no previously acquired, accrued, or accorded privilege or remedy to be saved by the general savings provision of section 4.13.

The repeal of section 321J.4(3)(b) did not operate as an ex post facto law. The Ex Post Facto Clause applies only to penal or criminal matters. Because the loss of one's driver's license for OWI is not punishment, the Ex Post Facto Clause was not violated.

**AFFIRMED.**

All justices concur except SNELL, J., who concurs specially and CARTER, J., who dissents.

SNELL, Justice (concurring specially).

Although I concur in the result reached in the majority opinion, I write separately to express my disagreement with the analysis used to reach that result.

In *Iowa Department of Transportation v. Iowa District Court for Scott County*, 587 N.W.2d 781 (Iowa 1998), also filed this month, I set out my views in dissent concerning the effect of the legislature's repeal of Iowa Code section 321J.4(3)(b) (1995). Applying that analysis to the case at bar, I would affirm the denial of Flam's application for restoration of his driver's license.

This case differs from the Scott County case in this way. In the Scott County case, the defendants qualified under the 1995 statute to have their cases heard by the district court, which would then determine if their driver's licenses should be restored. That is because the two-year waiting period required by section 321J.4(3)(b) had expired, making them eligible to apply for restoration of their driver's licenses. The court might not grant their applications because of failure to prove that the four conditions for restoration had been met, but their right to apply was unaffected by repeal of the statute because it was an accrued substantive right that could not be taken away by the repeal.

The operative facts in the case at bar are similar to those presented in *Iowa Department of Transportation v. Iowa District Court for Buchanan County*, 587 N.W.2d 774 (Iowa 1998), also filed this month. In both cases, the two-year waiting period after which the defendant could apply for restoration of his driving privileges expired after the legislature repealed the restoration provision.

Robert Flam's drivers license was revoked following his conviction for third offense operating a motor vehicle while intoxicated on September 20, 1995. The revocation was for six years pursuant to Iowa Code section 321J.4(3)(a). Under Iowa Code section 321J.4(3)(b), Flam became eligible to apply for license restoration on September 20, 1997. However, before that date, the statute under which Flam was seeking relief was repealed, effective on July 1, 1997. The July 1, 1997 date of repeal foreclosed Flam from applying for license restoration because he had not completed the two-year threshold waiting period established by the statute for eligibility.

I believe my analysis of these legal issues as set out in my dissent in the Scott County case accurately applies section 321J.4(3)(b), after its repeal, and results in the conclusion that Flam is not eligible for a legal remedy proffered by that statute. I would affirm.

CARTER, Justice (dissenting).

I dissent because I believe that, at the time the six-year revocation took place, section 321J.4(3)(b) accorded Flam a right to apply for early reinstatement to a court with authority to grant early reinstatement. If the savings feature contained in section 4.13(2) is applied according to its own clear

directives, the repeal of section 321J.4(3)(b) should not affect that preexisting right.