Norbert A. **KOTLERS,** Appellee,

v.

**IOWA DEPARTMENT OF TRANSPORTATION,**
Appellant.

No. 97–2184.

Supreme Court of Iowa.

Feb. 17, 1999.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Carolyn J. Olson and Mark Hunacek, Assistant Attorneys General, for appellant.

Scott L. Hippen of Hippen Law Office, Ames, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

We granted respondent-appellant, Iowa Department of Transportation (DOT), permission to file an interlocutory appeal. This appeal arises from the district court's ruling that denied the DOT's motion to dismiss based on its claim that the DOT's revocation of petitioner Norbert A. Kotlers' driver's license did not constitute "agency action." The DOT argues that it merely implemented the district court's order to revoke petitioner's license which did not constitute "agency action" as meant in law. We affirm the district court's ruling on the motion to dismiss. However, we remand for dismissal of Kotlers' petition on other grounds.

Submitted at the same time as the instant appeal was petitioner's companion case, *State v. Kotlers*, 589 N.W.2d 736 (Iowa 1999) [hereinafter *Kotlers I* ]. In that case, filed today with the instant case decision, we affirmed the district court's denial of Kotlers' application for early restoration of his driving privileges which had been revoked for six years. The early restoration statute, Iowa Code section 321J.4(3)(b) (1997), was held to be not available to Kotlers for any judicial remedy because it was repealed prior to the hearing on his application.

### I. Background Facts and Proceedings

On July 26, 1995, Kotlers was convicted of operating while intoxicated in violation of Iowa Code section 321J.2. Because he had been convicted previously of OWI in 1978 and 1979, the court directed the DOT to revoke Kotlers' driver's license for a six-year period pursuant to Iowa Code section 321J.4(3)(a). The DOT did not formally implement the court order until August 18, 1997. In a notice to Kotlers the DOT advised Kotlers that his driving privileges were revoked until July 26, 2001. This computation apparently gave Kotlers credit on the six-year revocation for the period from July 26, 1995, to August 18, 1997, during which he had not been notified by the DOT of the six-year revocation.

On June 16, 1997, the DOT informed Kotlers that his privilege to operate and register motor vehicles in Iowa would remain invalid until civil victim reparation penalties were satisfied. Kotlers paid $200 to the DOT on June 24, 1997, to satisfy this requirement. Also on June 24, the DOT, apparently mistakenly, notified Kotlers that his revocation would end on that date.

Following receipt of the August 18, 1997 revocation notice, Kotlers filed a petition for judicial review of agency action on September 18, 1997. He asserted constitutional questions and questions of the applicability of recent statutory amendments to him. Those issues were raised and decided adversely to him in *Kotlers I,* 589 N.W.2d at 739.

### II. Issue to Review and Scope of Review

■ The issue raised here is whether a petition for judicial review lies from the action of the DOT revoking Kotlers' driver's license under Iowa Code section 17A.19, part of the Iowa Administrative Procedure Act. We review this matter for errors of law. *Busing v. Iowa Dep't of Transp.,* 455 N.W.2d 921, 922 (Iowa 1990); *see* Iowa Code § 17A.20.

### III. Analysis

■ The DOT filed a motion to dismiss the petition for judicial review before the district court. It argued that the DOT's action was merely a ministerial act that carried out the order of the district court to revoke Kotlers' driver's license. Therefore, it was not "agency action" as defined by Iowa Code section 17A.2(2). That section states:

> *"Agency action"* includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a

failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.

The DOT points out that Kotlers seeks review of the August 18, 1997 notice of license revocation, not the lack of prompt notice before that date. Moreover, the DOT argues that Kotlers actually benefitted from its mistake in failing to notify him earlier since he probably continued to drive from July 1995 to August 1997. Also, he suffered no prejudice because he never was eligible for an early restoration of his license under Iowa Code section 321J.4(3)(b). *See Kotlers I,* 589 N.W.2d at 737.

The DOT claims that allowing judicial review of its order as agency action constitutes a collateral attack on a court order and militates against the finality of court orders. The DOT states that in carrying out the court order it did not find facts, exercise discretion, interpret its rules, make independent decisions, or assert conclusions of law and, therefore, did not exercise agency action from which judicial review could be sought.

We have carefully considered these arguments and nevertheless find that the actions of the DOT legally constitute "agency action." In *Iowa Department of Transportation v. Iowa District Court,* 534 N.W.2d 457 (Iowa 1995), we examined the DOT's action in the context of revoking a driver's license when the driver had been convicted of a drug offense. The revocation was mandatory under Iowa Code section 321.209. We said:

> Section 321.209 expressly confers on the DOT the duty to revoke a driver's license when that driver has been convicted of a drug offense. Iowa Code §§ 321.209 ("The *department shall* ... revoke the license ..." (emphasis added)), 4.1(30)(a) ("The word *'shall'* imposes a duty.") (1993). The DOT's action in revoking a driver's license is agency action within the meaning of Iowa Code section 17A.2(2). *Tindal v. Norman,* 427 N.W.2d 871, 873 (Iowa 1988) (agency's performance of a statutory duty is "agency action" as defined in section 17A.2(2)). Any person who is adversely affected by agency action may seek judicial review of the agency decision. Iowa Code § 17A.19(1) (1993). Most important, the

judicial review provisions of chapter 17A are exclusive. *Id.; Hollinrake v. Monroe County,* 433 N.W.2d 696, 699 (Iowa 1988) (exclusivity of judicial review provision applies to agency's action in carrying out its statutory duty).

*Iowa Dist. Ct.,* 534 N.W.2d at 459.

We also have commented on the relationship between the district court's order and the DOT's administrative response. In *State v. Blood,* 360 N.W.2d 820, 822 (Iowa 1985), we noted that Iowa Code section 321.281(9)(a) required the court to order revocation upon a plea or verdict of guilty of a third offense OWI, but did not require that the revocation be a part of the pronouncement of sentence. We held that subsection 321.281(9)(a) "merely requires the court to perform the first step in the civil revocation of a driver's license." *Blood,* 360 N.W.2d at 822.

In *Iowa District Court* and *Blood,* we recognized that administrative action by the DOT of a nondiscretionary nature can constitute "agency action." We therefore hold that the notice by the DOT of the revocation of Kotlers' driver's license constituted "agency action" from which a petition for judicial review to the district court would lie under the provisions of the Iowa Administrative Procedure Act, Iowa Code chapter 17A. The district court ruled correctly in denying the DOT's motion to dismiss the petition for judicial review by Kotlers on that ground. That ruling is affirmed.

In *Kotlers I,* 589 N.W.2d at 738, we ruled on the merits of Kotlers' claims for relief from the procedures effecting the six-year revocation of his driver's license presented in his petition for judicial review. We rejected all claims there raised. In light of that ruling, we find there are no substantive issues remaining for the district court to decide. Therefore, we remand the instant case to the district court for entry of an order dismissing Kotlers' petition.

**AFFIRMED ON MOTION TO DISMISS; REMANDED FOR ENTRY OF AN ORDER OF DISMISSAL.**