STATE of Iowa, Appellee,

v.

Norbert Antone KOTLERS, Appellant.

No. 97–1624.

Supreme Court of Iowa.

Feb. 17, 1999.

Scott L. Hippen of Hippen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Carolyn J. Olson and Mark Hunacek, Assistant Attorneys General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

This is an appeal from the district court's denial of defendant's application for restoration of his eligibility for a motor vehicle license. Defendant was convicted for the third time of operating a motor vehicle while intoxicated and as a consequence suffered the revocation of his privilege to operate a motor vehicle for six years. Having considered defendant's appeal, we affirm.

## I. Background Facts and Proceedings

On July 26, 1995, the defendant, Norbert Kotlers, was convicted of operating while intoxicated in violation of Iowa Code section 321J.2 (1995). Because he had previously been convicted of OWI in 1978 and 1979, the court directed the Iowa Department of Transportation (DOT) to revoke Kotlers' driver's license for a six-year period pursuant to Iowa Code section 321J.4(3)(a).

On June 24, 1997, the DOT (apparently mistakenly) notified Kotlers that his license revocation would end on that date. (Kotlers also challenges the DOT's subsequent notifi-

cation that his license was revoked from July 26, 1997, until July 26, 2001, pursuant to the original six-year revocation. The district court's refusal to dismiss Kotlers' judicial review action challenging the implementation of that revocation is the subject of another case we decide today. *See Kotlers v. Iowa Dep't of Transp.*, 589 N.W.2d 733 (Iowa 1999).)

On June 26, 1997, Kotlers filed an application for restoration of his eligibility for a motor vehicle license pursuant to Iowa Code section 321J.4(3)(b). A hearing was held July 23, 1997. In an order entered on July 30, 1997, the district court denied the application on the basis of the legislative repeal, effective July 1, 1997, of the early restoration provisions contained in section 321J.4(3)(b). *See* 1997 Iowa Acts ch. 177, § 9. The court determined that with the repeal it had no authority to consider the restoration of Kotlers' eligibility for a motor vehicle license.

On August 1, 1997, Kotlers filed a motion to reconsider pursuant to Iowa Rule of Civil Procedure 179(b), asserting he should still be entitled to restoration of his eligibility for a driver's license because such restoration was allowed when the revocation was imposed. Kotlers further claimed that a legislative amendment to Iowa Code section 321J.2 directed that any conviction or revocation deleted from the motor vehicle operating records of the DOT should not be considered a previous offense in license revocation proceedings and that amended section 321.12 instructed the department to delete records of convictions and revocations more than twelve years old. See *id.* §§ 1, 4 (codified at Iowa Code §§ 321.12(4), 321J.2(4)(a) (Supp. 1997)). Kotlers claimed that the DOT's present driving records did not establish a basis for a six-year revocation because his earlier convictions were more than twelve years old.

At a hearing on the motion to reconsider Kotlers raised a claim that the repeal of the early restoration provisions violated his rights to equal protection by irrationally discriminating against him when his present driving record provides no basis for a six-year revocation. Kotlers further claimed that the repeal constituted an improper ex

post facto law by increasing his punishment after his conviction.

On August 25, 1997, the district court entered an order denying the motion to reconsider. The court determined that the now-repealed early restoration provisions could not be construed as giving the district court the authority to order early restoration of Kotlers' driving privileges without statutory authority. The court further concluded that because the earlier order imposed a six-year revocation, the repeal did not involve an impermissible ex post facto law increasing the penalty against Kotlers.

On September 4, 1997, Kotlers filed a motion to amend or enlarge the findings of the August 25 order pursuant to Iowa Rule of Civil Procedure 179(b). Kotlers asserted in part that the repeal denied his right to equal protection because his convictions more than twelve years old would not presently be included in his driving record for determining his eligibility for a motor vehicle license. He also claimed the repeal of section 321J.4(3)(b) violated equal protection. Kotlers asserted that he would be deprived of equal protection if his license remained revoked. On September 4, 1997, the district court entered an order denying Kotlers' motion.

On September 11, 1997, Kotlers filed a notice of appeal.

## II. Issues and Scope of Review

■ Constitutional issues of equal protection and an ex post facto violation are presented. We review these de novo in light of the totality of the circumstances. *State v. Taft*, 506 N.W.2d 757, 762 (Iowa 1993). We review questions of statutory interpretation for correction of errors of law. *In re E.H. III*, 578 N.W.2d 243, 245 (Iowa 1998).

## III. Application of the Law and Analysis

■ Defendant's conviction for his third lifetime OWI offense occurred on July 26, 1995. His driver's license was revoked for six years based on this conviction. *See* Iowa Code § 321J.4(3)(a) (1995). On June 26, 1997, defendant applied for early restoration of his eligibility for a driver's license pursuant to Iowa Code section 321J.4(3)(b). Two

years had not yet elapsed from the date of the order for revocation. Under the plain language of the statute, defendant was not then eligible for license restoration. Section 321J.4(3)(b) states: "After two years from the date of the order for revocation, the defendant may apply to the court for restoration. . . ." Clearly, the defendant was not yet eligible to apply for restoration when he made his application on June 26, 1997. The two-year period set forth in section 321J.4(3)(b) had not yet elapsed. Kotlers did not become eligible to apply until July 26, 1997, two years from the date the revocation was entered. Therefore, at the time Kotlers applied and at the time the hearing was held, his application was not ripe for consideration by the court.

■ Additionally, at the time of the hearing and the court's ruling, the repeal of the early restoration provisions had already become effective and Kotlers had no right to restoration because the two-year period had not expired before the repeal and he could not establish he had satisfied the four conditions set forth in section 321J.4(3)(b)(1)-(4) prior to the repeal. *See Iowa Dep't of Transp. v. Iowa Dist. Ct. for Buchanan County*, 587 N.W.2d 774, 777 (Iowa 1998). The district court was correct in its ruling, which is affirmed.

## IV. Equal Protection

■ Defendant believes he has been denied equal protection of the law that is guaranteed by the United States and Iowa Constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. Defendant hinges this argument on the legislation directing that convictions more than twelve years old should not be considered in determining whether an offense is a second or subsequent offense for conviction or revocation purposes. *See* Iowa Code §§ 321J.2(4)(a), 321.12(4) (Supp.1997). Defendant states that this legislation creates a class that is treated better than he was treated because his 1978 and 1979 OWI convictions were counted under the prior law, whereas similar convictions would not be counted against a defendant under the new law in determining whether a later conviction is a second or subsequent

conviction. Thus, he claims an unconstitutional treatment of classes of individuals is created. *See Wyciskalla v. Iowa Dist. Ct.,* 588 N.W.2d 403, 407 (Iowa 1998) (discussing the amended statutes and their effect). Defendant also argues the repeal of section 321J.4(3)(b) denies him equal protection in a similar manner.

We have assessed, addressed, and rejected this type of argument before. In *State v. Axton,* 587 N.W.2d 779, 780 (Iowa 1998), we addressed a claim of an equal protection violation based on the repeal of the early restoration statute, Iowa Code section 321J.4(3)(b). In rejecting this argument, we said:

> Initially, on her equal protection claim, Axton requests that we apply a higher level of scrutiny than a rational-basis analysis because the right to engage in automobile travel is essential to social independence. Even if a higher level of scrutiny than rational basis is employed, and we decline to say that it should be, Axton's equal protection argument must fail. Unless this court's interpretation of the consequences of the repeal of section 321J.4(3)(b), as settled in *Iowa District Court for Buchanan County,* 587 N.W.2d at 777 serves to deny vested rights under a due process theory, no discrimination exists that would support an equal protection challenge. That is because, when rights are determined by reason of the effective date of either a statutory enactment or a statutory repeal, persons whose entitlements fall on one side of the legislature's time demarcation will always be treated differently from those persons whose entitlements fall on the other side. But, the discriminatory aspects of that reality, as opposed to the potential denial of vested-rights consequences, are an inevitable consequence of a pattern of evolving legislative regulation. As this court observed in *Beeler v. Van Cannon,* 376 N.W.2d 628 (Iowa 1985):
>
> > It seems inevitable that a number of litigants will be adversely affected by any change of law. This is a matter which weighs heavily in the consideration of any change. The legislative body or the court which undertakes a change must exercise its best judgment about which point in time would result in the most justice for the most persons.
> >
> > *Beeler,* 376 N.W.2d at 630–31.

*Axton,* 587 N.W.2d at 780 (footnote omitted).

■ Defendant's claim regarding the repeal of section 321J.4(3)(b) is identical to the claim in *Axton* and was decided adversely to him. His other claim, regarding the statutory change in the consideration of prior offenses is similar to that made in *Axton.* We reject it for the same reasons there expressed.

## V. Ex Post Facto

■ Defendant mounts an ex post facto challenge claiming that legislative changes amount to additional punishment after his third OWI conviction. Thus, he says the United States and Iowa Constitutions are violated. *See* U.S. Const. art. I, § 10, cl. 1; Iowa Const. art. I, § 21. The increased punishment argument is founded on the taking away of the early restoration possibility by the repeal of section 321J.4(3)(b) and an argument that the new statutory language on considering second and subsequent offenses but deleting from consideration offenses more than twelve years old sounds like punishment language and links the civil revocation of a driver's license to punishment for a crime. Defendant believes this has changed our conclusion in prior cases that the revocation or suspension of a driver's operating privileges is not punishment. *See State v. Moret,* 486 N.W.2d 589, 591 (Iowa 1992); *State v. Blood,* 360 N.W.2d 820, 822 (Iowa 1985); *State v. Marvin,* 307 N.W.2d 10, 11 (Iowa 1981); *State v. Socarras,* 425 N.W.2d 426, 428 (Iowa App.1988).

■ In *State v. Flam,* 587 N.W.2d 767 (Iowa 1998), we considered the ex post facto argument regarding the repeal of the early restoration statute. We held there was no constitutional violation, citing *Blood* and *Moret. Flam,* 587 N.W.2d at 769. We find that because the other legislative changes do not constitute additional punishment, defendant's second argument also fails to prove an

ex post facto violation. We hold there are no ex post facto violations as claimed by defendant.

The decision of the district court is affirmed.

**AFFIRMED.**

All justices concur except Carter, J., who dissents.

CARTER, Justice (dissenting).

Although I agree that appellant's constitutional challenges should be rejected, I believe that his statutory claim is valid for the reasons expressed in my dissents in *Iowa Department of Transportation v. Iowa District Court for Scott County,* 587 N.W.2d 781, 791 (Iowa 1998), and *Iowa Department of Transportation v. Iowa District Court for Buchanan County,* 587 N.W.2d 774, 777 (Iowa 1998).