# IN THE COURT OF APPEALS OF IOWA

No. 23-1181
Filed May 8, 2024

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**LOUIS LEE CUBBAGE, JR.,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jackson County, Meghan Corbin, Judge.

A defendant appeals his sentence for driving while barred. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Leah Patton of Patton Legal Services, LLC, Ames, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

Louis Cubbage entered a written guilty plea to driving while barred pursuant to a plea agreement with the State that also addressed an unrelated charge for willful injury causing serious injury in a different case number. The combined plea agreement, which was filed in both cases, provided:

> 1. FECR021892: Plead to lesser included Willful Injury, a class D felony.
>    a. Open plea—parties may argue for sentence.
> 2. AGCR022121: Plead to Driving While Barred
>    a. Parties may argue sentence but in any event shall run concurrently to above.

At a sentencing hearing on both charges, the district court sentenced Cubbage to prison for indeterminate terms of five years for the reduced willful-injury charge and two years for driving while barred. The court ran the sentences concurrently to one another and imposed the minimum fines on each.

Cubbage separately appealed his sentences.[1] In the companion appeal decided today, we vacated his sentence on the willful-injury charge and remanded for resentencing.[2] *See State v. Cubbage*, No. 23-1156, 2024 WL _____ (Iowa Ct.

---

[1] The supreme court denied a motion that Cubbage filed in this case to consolidate the two appeals because the motion was not filed in the other case and there was no indication the attorney representing Cubbage in that appeal agreed with it.

[2] The dissent asserts that by referencing this other appeal, we have "reach[ed] outside this record and into another case number" and relied on "outside-the-record material." We disagree for three reasons. First, as we stated above, the parties' plea agreement and Cubbage's written guilty plea contained both district court case numbers and were filed in each case. Those documents are properly in the record before us. *See* Iowa R. App. P. 6.801(a). Second, the district court considered both charges at the same hearing and that transcript is also part of this record. *See* Iowa R. App. P. 6.801(b). Third, our appellate courts often rely on decisions in companion appeals from separate cases. *See, e.g., 33 Carpenters Constr., Inc. v. Cincinnati Ins. Co.*, 939 N.W.2d 82, 84–85 (Iowa 2020) (noting the validity of an assignment contract entered into by the same residential contractor in a separate appeal was void "[f]or the reasons set forth in that opinion"); *State v.*

App. May 8, 2024). In this appeal, Cubbage claims the court abused its discretion "when it failed to state the basis for the driving while barred prison sentence and declined to suspend the fine." He asks that we "vacate his sentence and remand for resentencing in front of a different judge."

The State asserts that Cubbage only has good cause to appeal the fine that was imposed because the parties agreed to a concurrent sentence. But in a recently decided case, our supreme court clarified "that a criminal defendant appealing a guilty plea may raise additional issues once they get their foot in the door with a discretionary sentence that establishes 'good cause.'" *State v. Jones*,

---

*Schuler*, No. 07-0954, 2009 WL 2951543, at *1 (Iowa Sept. 4, 2009) (reversing defendant's conviction for the same instructional error raised and decided in co-defendant's companion case); *State v. Nelson*, No. 06-1714, 2008 WL 2097586, at *1 (Iowa May 2, 2008) (reversing a district court ruling denying a motion to suppress a search warrant based on the reasoning in a co-defendant's case challenging the same search warrant); *Kotlers v. Iowa Dep't of Transp.*, 589 N.W.2d 733, 735 (Iowa 1999) (remanding case to district court for an order dismissing a petition for judicial review because of the result reached in a companion appeal decided the same day); *Palensky v. Story Cnty. Bd. of Adjustment*, No. 22-0249, 2023 WL 3335322, at *3–4 (Iowa Ct. App. May 10, 2023) (adopting the "same analysis and conclusion in this case as we reached" in a companion case on several issues); *State v. Hanson Gales*, No. 22-0795, 2023 WL 3335992, at *1 (Iowa Ct. App. May 10, 2023) (affirming sentences imposed at a multi-case sentencing hearing for the reasons provided in the companion cases); *Sibley State Bank v. Braaksma*, No. 17-1002, 2018 WL 3472042, at *2 (Iowa Ct. App. July 18, 2018) (affirming district court's grant of summary judgment on the bank's replevin petition "for the same reasons we set out in the companion appeal" from property owners' foreclosure appeal); *State v. Wise*, No. 04-0548, 2005 WL 599969, at *1 (Iowa Ct. App. Mar. 16, 2005) (vacating conditional concurrent sentence for driving while barred and remanding for resentencing "[f]or the reasons stated in the companion case"); *see also Huffey v. Lea*, 491 N.W.2d 518, 519 (Iowa 1992) (taking judicial notice of the appellate decision on a will contest between the same parties in an appeal from dismissal of an action for tortious interference with a bequest). *But see State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013) (noting the "general rule is that it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding without an agreement of the parties" and denying appellant's motion for appellate judicial notice of other district court files (citation omitted)).

No. 22-2057, 2024 WL 1296261, at *2 (Iowa Ct. App. Mar. 27, 2024) (citing *State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023)); *see also State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) ("We decline to parse or bifurcate the specific sentencing errors alleged when determining good cause.").  In addition, while the parties agreed the sentence for driving while barred would be concurrent with the willful-injury sentence, they did not agree what those sentences would be.  The State sought incarceration, while Cubbage asked for suspended sentences with probation.  We accordingly find good cause for Cubbage's appeal of this discretionary sentence.  *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding an appellant has good cause to appeal a sentence when the imposed sentence was neither mandatory nor agreed to as part of a plea bargain).

With that good-cause finding, we conclude that Cubbage's sentence for driving while barred should be vacated and this case remanded for resentencing with the companion case.  As our supreme court explained in *State v. Vandermark*,

> When a defendant is sentenced for multiple offenses and a portion of the sentence is vacated, we may vacate the invalid part without disturbing the rest of the sentence.  We are not, however, required to do so and may remand for resentencing even if the sentences are severable.  Remand for resentencing is appropriate when the district court considered the sentences to be interconnected.

965 N.W.2d 888, 895 (Iowa 2021) (quotation marks and internal citations omitted); *see also State v. Simmons*, No. 12-0566, 2013 WL 1749737, at *4 (Iowa Ct. App. Apr. 24, 2013) (remanding for resentencing based on disposition of a separate, unconsolidated case on appeal "[b]ecause the sentencing scheme underlying both appeals was inextricably entwined").

By imposing concurrent sentences, without much mention of the driving-while-barred conviction, we conclude the district court considered the sentences to be interconnected. We accordingly vacate Cubbage's sentence for driving while barred without further opinion and remand for resentencing in front of a different judge. *See* Iowa Ct. R. 21.29(1)(a), (e).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Tabor, P.J., concurs; Buller, J., dissents.

**BULLER, Judge** (dissenting).

In my view, the majority opinion decides an unbriefed issue by reaching outside this record and into another case number. In doing so, the majority opinion functionally overrules an order from the supreme court and—in my estimation— applies inapposite case law. I dissent on each of these bases.

Cubbage's brief alleges the district court abused its discretion by selecting prison instead of probation when ordering a sentence consecutive to another case number. The State's brief contends only the fine is properly before us because Cubbage negotiated a concurrent sentence and got exactly that. But rather than decide the briefed issue, the majority—without prompting by either party— reverses based on our disposition in Cubbage's other case, which he appealed in a separate case number. I would not decide this unbriefed issue. *See, e.g.*, *City of Davenport v. Seymour*, 755 N.W.2d 533, 545 (Iowa 2008) ("This court is not a roving commission that offers instinctual legal reactions to interesting issues that have not been raised or briefed by the parties . . . .").

I suspect one reason the issue wasn't briefed is because the lawyers recognized it relied on a case number outside this appeal. *See* Iowa R. App. P. 6.801 (defining the record on appeal). No one asked us to take judicial notice of Cubbage's other case and we are prohibited from doing so absent stipulation. *See State v. Washington*, 832 N.W.2d 655–56 (Iowa 2013). Cubbage moved to consolidate the appeals before transfer to our court, and the supreme court denied his motion. Yet the majority effectively makes an end-run around the supreme court's order—treating the appeals as consolidated in all but name. I decline this uninvited departure from principles of appellate jurisdiction.

Although the majority does not directly address its reliance on outside-the-record material above the line, it quotes the remedy analysis from *State v. Vandermark*, 965 N.W.2d 888, 895 (Iowa 2021). Using this case, the majority seems to conclude we may grant relief on combined sentencing hearings—whether appealed jointly or not. One of the problems with taking decretal language from the remedy section of another opinion is that we may miss crucial nuances of a particular case's appellate posture.

There are two clear distinctions between *Vandermark* and this appeal. First, Vandermark appealed all of his sentences in a single case number. We noted the multiple case numbers and that he appealed "his sentences" (plural) in our court's opinion. *See State v. Vandermark*, No. 19-2112, 2021 WL 210972, at *1 (Iowa Ct. App. Jan. 21, 2021), *aff'd in part, vacated in part,* 965 N.W.2d 888. And, to the extent the majority directs us to look outside the record of this appeal, the electronic docket confirms Vandermark's notice of appeal listed all three case numbers. Cubbage, on the other hand—to use the majority's phrasing—"separately appealed his sentences." And only his misdemeanor case is listed on the notice of appeal. Second, because Vandermark appealed all three case numbers, his case did not involve a denied motion to consolidate, as seen from the procedural discussion in our court's and the supreme court's opinions. *See id.* at *1–2. In short, there are material distinctions between the appellate posture of the cases.

In a footnote, the majority recites cases that reference the legal analysis of companion cases. But those cases are all some flavor of explaining the court was deploying the same legal reasoning we used in another decision—in other words, as shorthand, like a case citation, rather than repeating a lengthy analysis. That's

not what the majority is doing here: the reference to Cubbage's companion case isn't to shorthand the legal analysis (to say we are doing something "for the same reasons" we set forth elsewhere), but instead to establish a factual basis for reversal (to reverse despite finding no error here, based on the disposition of the other appeal).  Our law does not countenance the majority's sua sponte reversal.

I dissent from the majority's application of *Vandermark*'s remedy analysis and the reasoning deployed to get there.