Brett JOHNSON, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

No. 88–1684.

Supreme Court of Iowa.

Oct. 18, 1989.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for appellant.

Stuart M. Pepper, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and SNELL, JJ.

SNELL, Justice.

On April 1, 1983, Brett Johnson was arrested for operating a motor vehicle while under the influence of an alcoholic beverage. His case was filed in juvenile court and was dismissed on August 20, 1983, when Johnson reached eighteen years of age. He received a 120–day license revocation commencing April 2, 1983.

Johnson was again arrested on April 14, 1988, and charged with operating a motor vehicle while under the influence of an intoxicating beverage, first offense. The preliminary breath test given Johnson showed a blood alcohol content greater than .10%. Following an administrative hearing, the Iowa Department of Transportation notified Johnson that his driving privileges were revoked for 365 days. The department reasoned that this was a second offense thus increasing the revocation period from 180 days to 365 days. On appeal to the district court, that part of the department's order was reversed that treated the 1988 charge as a second offense, the revocation period being thereby reduced to 180 days. The department has appealed. In reviewing a district court ruling on an agency decision, this court must determine whether the district court correctly applied the law. *Henry v. Iowa Dep't of Transp.*, 426 N.W.2d 383, 385 (Iowa 1988).

The terms of section 321J.12 of the 1987 Iowa Code in effect at the time of Johnson's second chemical test failure require that the agency revoke an operator's license if the results of a chemical test show an alcohol concentration above the prescribed limit. An individual's first chemical test failure results in a 180–day revocation, while a second failure within six years results in a one-year revocation.

In arguing that the administrative suspension he received as a juvenile should not be taken into consideration in determining the term of his 1988 suspension, Johnson relies upon Iowa Code section 232.55(2) (1987), from our juvenile justice chapter, which states, in relevant part:

Adjudication and disposition proceedings under this division are not admissible as evidence against a person in a subsequent proceeding in any other court before or after the person reaches majority except in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor.

There are three basic methods by which an operator's license may be suspended in Iowa when an individual is arrested for driving while intoxicated. The first of these, which is the means by which both of Johnson's suspensions were imposed, is based upon failure of a chemical test at the time of arrest. Iowa Code § 321J.12

(1987). The second means by which a suspension may be incurred involves a refusal to take a chemical test by the operator. Iowa Code § 321J.9 (1987). In both of these cases revocation is the result of administrative action taken by the Department of Transportation pursuant to chapter 17A of the Code. A final means by which revocation may be imposed is as the result of a conviction for driving while intoxicated. Iowa Code § 321J.4 (1987). While this revocation too is an administrative action taken by the Department of Transportation, it is based upon a conviction for the offense in a court of law.

Section 232.55(2) prevents the State from using the adjudication and disposition proceedings of the juvenile court in a subsequent proceeding as evidence against a defendant except in a sentencing proceeding after conviction for an offense other than a simple or serious misdemeanor. In the case at bar, Johnson was charged with OMVUI, first offense, a serious misdemeanor. Clearly, the juvenile court adjudication in 1983 could not be used as evidence in a sentencing proceeding following conviction on the 1988 criminal charge.

A second offense OMVUI is classified by the legislature as an aggravated misdemeanor. Thus, by the statute's limited exclusion of evidence in a sentencing proceeding to simple and serious misdemeanor convictions, a juvenile court adjudication would be admissible evidence in sentencing for an aggravated misdemeanor.

The issue raised by this appeal does not involve a criminal sentencing proceeding but pertains to revocation of Johnson's driving privileges by the administrative agency in a civil proceeding. *See* section 321J.4, 1987 Code of Iowa; *Westendorf v. Iowa Dep't of Transp.*, 400 N.W.2d 553, 556 (Iowa 1987); *Heidemann v. Sweitzer*, 375 N.W.2d 665, 668 (Iowa 1985). The legislature has indicated its intent to treat juvenile drivers similarly to adults on license revocation and suspension matters. The exclusionary effect of section 232.55(2) is specifically rejected by the language of section 321.213. That statute provides:

Notwithstanding section 232.55, a final adjudication in a juvenile court that the child violated a provision of this chapter or chapter 321A or chapter 321J constitutes a final conviction of a violation of a provision of this chapter or chapter 321A or chapter 321J for purposes of section 321.189 subsection 2, paragraph "b," and sections 321.193, 321.194, 321.200, 321.-209, 321.210, 321.215, and 321A.17.

This statute thus permits use of a juvenile court adjudication as the basis to revoke an operator's or chauffeur's license, a motorized bicycle license, a temporary restricted permit, or a minor's school license. A legislative purpose to treat motor vehicle driving offenses by juveniles the same as adult offenders is here clearly indicated.

Johnson's interpretation of the restrictions imposed by section 232.55(2) presupposes the 1983 OMVUI charge constituted an adjudication under chapter 232, the juvenile justice chapter. In fact, the 1983 revocation was the result of an administrative decision by IDOT following a preliminary breath screening test. Section 232.55(2) limits the use of evidence "in any other court." The administrative proceedings held by IDOT to consider license revocations do not constitute a court proceeding contemplated under this section. *See Westendorf*, 400 N.W.2d at 554–55. For these reasons, the district court erred in applying the provisions of section 232.55(2) to this case. The department's revocation of Johnson's license for one year as a second offender was lawful.

REVERSED.

All Justices concur except NEUMAN, J., who concurs in the result only.