**In the Interest of S.M., A Child, Appellant,**

**Iowa Department of Transportation, Appellee.**

No. 89-342.

Supreme Court of Iowa.

Dec. 20, 1989.

Bruce G. Thomas, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

This case concerns the extent to which the driving records of juveniles under the control of the Iowa Department of Transportation (DOT) can be sealed pursuant to order of a juvenile court under Iowa Code section 232.150 (1987), which provides in part:

> Upon application of a person who was taken into custody for a delinquent act or was the subject of a complaint alleging delinquency or was the subject of a delinquency petition, or upon the court's own motion, *the court, after hearing, shall order the records in the case including those specified in sections 232.147 and 232.149 sealed* if the court finds [that two years have elapsed since the last official action in the case if there was no adjudication, and the person has not been subsequently convicted of a felony or an aggravated or serious misdemeanor or comparable delinquent act].

(Emphasis added.)

In January 1985, S.M., then a juvenile, was taken into custody for the delinquent act of operating a motor vehicle while under the influence of an alcoholic beverage (OWI). The results of a chemical test administered to S.M. indicated that he had a blood alcohol limit which exceeded .10. The law enforcement agencies involved relayed this information to the DOT, which used it as a basis to revoke S.M.'s operator's license for 180 days pursuant to Iowa Code section 321B.16 (1985) (since recodified as Iowa Code § 321J.12 (1989)). S.M. subsequently entered into an informal adjustment agreement of the delinquency charge in the juvenile court. He was not adjudicated a delinquent with respect to the charge.

After the required time before invoking section 232.150 had elapsed, S.M. filed an application with the juvenile court asking it to invoke that statute and seal all records relating to the delinquency charge. Based on this application, a juvenile court referee entered an order in October of 1987 that all persons and agencies named in the order having custody of "records relating to the applicant" transmit them to the juvenile court and that all index references to those records be deleted from the files of the transmitting agencies.

Among those agencies listed in the order were the Clerk of the Iowa District Court, the Woodbury County Attorney's Office, the Sioux City Police Department, the Woodbury County Sheriff's Office, the Woodbury County Juvenile Detention Center, and the Iowa Department of Transportation. Nearly nine months after the referee's order, the DOT requested a clarification as to how the referee's October 1987 order affected the records of that agency.

The DOT's application was acted upon by the same juvenile referee who had issued the order to which the application pertained. The referee on October 28, 1988, indicated in a newly entered order that the records in the possession of the DOT relating to S.M.'s driver's license revocation were not matters required to be sealed or deleted from the agency's files. The latter order was approved by the district associate judge who reviewed the action of the referee.

The present appeal challenges these determinations. We have considered the arguments which appellant presents and affirm the order of the juvenile court.

The primary issue on appeal is whether that portion of S.M.'s driver's license records in the possession of the DOT which reveal matters connected with his OWI arrest are subject to sealing or deletion by juvenile court order under section 232.150. The parties agree that S.M.'s driving record does not come under section 232.147 (official juvenile court records) or section 232.149 (official law enforcement records). It appears, however, that the phrase "records in the case" as used in section

232.150 embraces more than those two categories of records. Based on this premise, S.M. suggests that the provisions of the statutes should extend to that portion of his driving record which reflects matters arising out of the OWI arrest which was processed in juvenile court.

S.M. argues that it is incongruous to prohibit the police department which arrested him, the county attorney's office, and the clerk of the district court from disclosing information pertaining to the delinquency charge, while at the same time permitting the DOT to disclose similar information received from those agencies for purposes of administering the driver's license laws. In countering these contentions, the DOT emphasizes that nothing in chapters 321 or 321J suggest that juvenile drivers are to be treated differently than adult drivers.

In the recent case of *Johnson v. Iowa Department of Transportation*, 446 N.W.2d 778 (Iowa 1989), we held that driver's license revocations which occur when the violator is a juvenile may thereafter be used to enhance the length of revocations imposed after the driver becomes an adult. We believe this circumstance requires the DOT to maintain sufficient records of prior revocations and the reasons therefor to enable it to deal with subsequent revocations, if any, in the manner which the law requires.

The applicable permanent record of the DOT to which the present controversy relates notes that, with respect to S.M.'s driving privileges, the DOT received proof of "OWI TEST FAILURE" on January 14, 1985, that, on February 3, 1985, his license was revoked for "OWI TEST FAILURE," and that this revocation was lifted on August 2, 1985. Apparently, these two references are the criminal record data which S.M. wants expunged. If section 232.150 were applied to these records according to its terms, however, this would require that they "shall no longer be deemed to exist as a matter of law." Iowa Code § 232.150(5) (1987). We do not believe that such a result was intended by the legislature when it enacted this statute.

Nor do we believe that S.M. has demonstrated a right to some limited expungement of the record short of sealing the entire file. To require the DOT to excise all references to "OWI" from S.M.'s records on the ground that this is criminal history information not necessary for the administration of the driver's license laws would afford him slight, if any, relief from the stigma of the events in which he was involved. While it is true that S.M.'s license revocation did not depend on the disposition of the OWI charge, it was dependent on the arresting officer's reasonable belief that he had operated a motor vehicle in violation of Iowa Code section 321J.2, which is the source of the criminal OWI offense. Consequently, however sketchily the grounds of the revocation are set forth in the agency's permanent record, the message of a suspected OWI violation comes through. We believe this is a circumstance which cannot be avoided in light of the agency's statutory responsibilities and that excising key words from the files is not a satisfactory solution. We have considered all grounds urged and conclude that the order of the juvenile court should be affirmed.

AFFIRMED.