**STATE of Iowa, Appellant,**

v.

**William Patrick MAHER, Appellee.**

No. 99–1409.

Supreme Court of Iowa.

Oct. 11, 2000.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, J. Patrick White, County Attorney, and Angela Boeke, Assistant County Attorney, for appellant.

Jerald W. Kinnamon, Cedar Rapids, and J. Dean Keegan, Iowa City, for appellee.

SNELL, Justice.

This is an appeal for discretionary review of the district court's finding that 1999 Iowa Acts ch. 153, section 25 is ambiguous. The district court concluded that the defendant's conviction for OWI should not be enhanced by his two previous OWI convictions which occurred within twelve years. The defendant's conviction was reduced to OWI First. On review, we find error was committed by the district court. We reverse and remand for a determination consistent with this opinion.

## I. Background Facts and Proceedings

On May 24, 1999, William Patrick Maher was found guilty of Operating While Under the Influence (OWI), Third Offense. Under the twelve-year "look back" rule in place, his two previous OWI convictions from 1990 were used to enhance his present conviction to a third offense. *See* Iowa Code § 321.12(4) (1999).

Prior to sentencing, Maher sought an adjudication of law points regarding a recent enactment by the Iowa Legislature. Specifically, Maher questioned the effect section 25 would have on his sentence. 1999 Iowa Acts ch. 153, § 25. Maher argued this provision limited the look back for his sentencing to only those prior OWI convictions that occurred after June 30, 1991. Maher also suggested the Act was ambiguous and as such, should be interpreted in a light most favorable to him as the defendant. Without deciding if section 25, effective July 1, 1999, applies to the timeframe of Maher's conviction on May 24, 1999, we elect to address the issue of statutory interpretation raised by Maher.

Titled "Third Offense OWI Revocations," section 25 specifically limited the look back to convictions occurring after June 30, 1991. Maher had two previous OWI convictions from 1990. He argued that section 25 applied to him because it limited the look back for *any* OWI penalty to July 1, 1991. Because his convictions occurred earlier than 1991, Maher suggested they should not have been used to elevate his present conviction. He also argued that if section 25 did not apply to him, it was ambiguous as to its true scope.

In an order dated August 6, 1999, the district court judge agreed that the Act was ambiguous. The court held:

It seems inconsistent to the Court to find that the Defendant should be convicted of a Third Offense OWI, but for the purpose of license revocation to find that the offense is not a Third Offense. The Court FINDS that the intent and language of Section 25, S.F. 189, is unclear and ambiguous. Ambiguities within a criminal statute are to be resolved in favor of the Defendant. Accordingly, Defendant's prior OWI convictions having occurred prior to June 30, 1991, the offense herein is not enhanced and shall be deemed a First Offense....

The State filed an application for discretionary review with this court. The application was granted, staying the district court proceeding until a determination by this court.

## II. Scope of Review

The court reviews an adjudication of law points for correction of errors at law. "An adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings." *Mortensen v. Heritage Mut. Ins. Co.*, 590 N.W.2d 35, 38 (Iowa 1999); *see* Iowa R. Civ. P. 105. To the extent the determination involves the interpretation of a legislative provision, this court reviews for correction of errors at law. Iowa R. Civ. P. 4; *In re J.J.A.*, 580 N.W.2d 731, 737 (Iowa 1998).

If the statute in question is not ambiguous, the determination is complete. However, when the court finds a statute is ambiguous or that reasonable minds could differ as to its meaning, the court should look to the rules of statutory construction for the interpretation. *State v. Rodgers*, 560 N.W.2d 585, 586 (Iowa 1997). Ambiguities in a criminal statute should be resolved in favor of the defendant. *State v. Gillespie*, 530 N.W.2d 446, 449 (Iowa 1995).

## III. Issue on Appeal

Ordinarily, only prior OWI convictions within twelve years may be used to enhance the charge to a third offense for the purpose of license revocation. *Bruno v. Iowa Dep't of Transp.*, 603 N.W.2d 596, 599 (Iowa 1999); *see* Iowa Code § 321J.2(4)(a); 1997 Iowa Acts ch. 177, § 4. However, the Iowa Legislature amended this rule effective July 1, 1999. 1999 Iowa Acts ch. 153, § 25. In section 25, the Iowa Legislature declared:

> *When revoking a defendant's driver's license* under section 321J.4, the court shall not consider a conviction under section 321J.2 which occurred on or prior to June 30, 1991, for the purpose of determining whether a conviction is a third or subsequent offense under section 321.2.

*Id.* (emphasis added). This provision deals exclusively with *license revocations*. It is true that the overall Act is complex, but its scope is very clear. Under its plain meaning, section 25 applies only to license revocations.

It is clear that if section 25 applies to the look back for all OWI penalties, Maher would be shielded from being sentenced for OWI Third because his two previous convictions occurred prior to July 1, 1991. However, this Act has nothing to do with the look back provision used for OWI sentencing. *See* Iowa Code § 321.12(4) ("A conviction . . . under section 321J.2 . . . shall be deleted from the operating records twelve years after the date of conviction."). The Act temporarily defines which previous OWI convictions can be used to determine the extent of license revocations. *See id.* § 321J.4.

The deciding factor for the district court was the inconsistency created if an offender could be sentenced for OWI Third but have his license revoked using OWI First. The district court concluded it is against reason that Maher could be sentenced for an OWI Third but only be guilty of an OWI First for revocation purposes. It is not against reason. It is merely a distinction the legislature has chosen to make where revocation, *not* sentencing, is concerned. It is not uncommon in Iowa to sentence the offender for one level of OWI and revoke his license for another. *See State v. Blood*, 360 N.W.2d 820, 821–22 (Iowa 1985); *State v. Pettit*, 360 N.W.2d 833, 836 (Iowa 1985).

The purposes behind sentencing and license revocations are altogether different. Sentencing is a punishment. License revocations are merely a safeguard. "Such revocation 'is not intended as a punishment to the driver, but is designed solely for the protection of the public in the use of the highways.'" *Blood*, 360 N.W.2d at 822 (quoting 7A Am.Jur.2d *Automobiles and Highway Traffic* § 112 (1980)). The legislature has the authority to declare when a court should direct the administrative agency to revoke an offender's license. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 592 N.W.2d 41, 45 (Iowa 1999). Simi-

larly, the legislature is not compelled to make the sentencing structure consistent with the revocation structure because both serve different purposes.

The general purpose of the license revocation statute is to protect the public from those drivers who have shown a pattern of reckless driving. *State v. Moore*, 569 N.W.2d 130, 132 (Iowa 1997). Moreover, this court has previously held that unlike sentencing, license revocation is not directed at the degree of guilt of the offender. *Pettit*, 360 N.W.2d at 836. Rather, it "is directed at keeping habitual offenders off the road—a matter of the protection of the driving public more than punishment." *Id.* *Pettit* dealt with a scenario in reverse to Maher's. Because of the six-year look back in place at that time, Pettit could only be convicted of OWI First. *Id.* However, the court could use his two previous OWI convictions to treat him as a third offender for purposes of license revocation. *Id.* It is not inconsistent to sentence an offender for one offense, and at the same time revoke his license for a heightened or in our case, lesser charge. Different treatment for sentencing and license revocation does not equal ambiguity.

The method traditionally in place in Iowa was a lifetime look back for determining license revocations, whereas the look back for sentencing was only six years. *See State v. Sharp*, 572 N.W.2d 917, 917–18 (Iowa 1997). This history clearly indicates the Iowa legislature has consistently treated the formula for OWI sentencing different from the formula for OWI license revocation. Neither is dependent on the other. This is important because, contrary to the opinion of the district court, section 25 can exist independently, without affecting what the offender can be sentenced for. It has only been recently where the look back for both became twelve years. 1997 Iowa Acts ch. 177, § 4. Following that change, the Iowa Legislature enacted section 25 to deal *only with license revocations* that had occurred under the lifetime look back.

Maher properly points out that when a statute is ambiguous the court should attempt to ascertain the legislature's intent. *See State v. Chrisman*, 514 N.W.2d 57, 61–62 (Iowa 1994). However, we conclude that section 25 is not ambiguous. The plain meaning of the section clearly applies the Act only to license revocations.

Section 25 begins with a reference to license revocations. Similarly, it exclusively discusses license revocations throughout. Its title, in and of itself, narrows its scope only to OWI revocations. Nothing in this Act stems from a concern to limit the look back for sentencing. The only reason to conclude this section is ambiguous is because of a misplaced fear of inconsistency. This has never been a concern in prior cases, and section 25 continues that tradition. We find the district court erred when it ruled otherwise. Accordingly, we reverse the district court's finding and remand for Maher to be sentenced as convicted for OWI, Third Offense.

**REVERSED AND REMANDED.**

All justices concur except NEUMAN, J., who concurs in result only.