STATE of Iowa, Plaintiff–Appellee,

v.

Benjamin Thomas SCHWEITZER, Defendant–Appellant.

No. 01–0745.

Court of Appeals of Iowa.

April 10, 2002.

Barbara Schwartz, University of Iowa Clinical Law Programs, Iowa City, and Reeni A. Brakefield and John Craiger, Student Legal Interns, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, J. Patrick White, County Attorney, and David Tiffany, Assistant County Attorney, for appellee-State.

Considered by VOGEL, P.J., and MILLER and EISENHAUER, JJ.

EISENHAUER, J.

The defendant, Benjamin Schweitzer, appeals his conviction and sentence following his guilty plea to charges of operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2(2)(b) (1999). Schweitzer argues the district court erred in concluding that a juvenile adjudication for OWI constitutes a prior offense for the purpose of charging and sentencing under section 321J.2(4). We affirm.

**I. Background Facts and Proceedings.** In January 1998, Schweitzer, then a juvenile, was adjudicated a delinquent for OWI. On February 2, 2001, the State filed a trial information charging Schweitzer with OWI, second offense, in violation of Iowa Code section 321J.2(2)(b) (1999). The State based its charge on Schweitzer's previous juvenile OWI adjudication. Schweitzer pleaded guilty to the charge, but prior to sentencing, filed a motion for adjudication of law points, arguing that he should have only been charged with OWI, first offense, since his juvenile adjudication could not be used to enhance his adult offense. At sentencing, the district court addressed Schweitzer's motion to adjudicate law points and rejected his argument. The court sentenced him to serve thirty days in jail, twenty-three days suspended, self-supervised probation for one year, and a $1500 fine. Schweitzer has appealed.

**II. Scope of Review.** The court reviews an adjudication of law points for correction of errors at law. *State v. Maher*, 618 N.W.2d 303, 305 (Iowa 2000). "An adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings." *Id.* To the extent the determination involves the interpretation of a legislative provision, we review for correction of errors at law. *Id.*

**III. Adjudication of Law Points.** Schweitzer's only question on appeal is whether the district court erred in allowing the State to use his 1998 juvenile adjudication of OWI as a predicate offense in charging him as a second offender. Schweitzer contends that in harmonizing Iowa Code sections 232.55, 321J.2(4), and 321.213, it was the legislature's intent to exclude juvenile OWI adjudications as a predicate offense. The State, however, contends section 321.213 is clear that prior juvenile OWI adjudications are the equivalent of a final conviction for purposes of section 321J.2 and may be used to charge a second offense.

Iowa Code section 232.55, governing the effects of juvenile adjudications, provides:

1. **An adjudication or disposition in a proceeding under this division shall not be deemed a conviction of a crime** and shall not impose any civil disabilities or operate to disqualify the child in any civil service application or appointment.

2. **Adjudication and disposition proceedings under this division are not admissible as evidence against a person in a subsequent proceedings in any other court before or after the person reaches majority except in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor.** Adjudication and disposition proceedings may properly be included in a presentence investigation report prepared pursuant to chapter 901 and § 906.5 (emphasis added).

Section 232.55 thus provides a general prohibition on the consideration of juvenile adjudications as a criminal conviction for any purpose other than in the discretionary aspect of criminal sentencing in adult prosecutions for felonies and aggravated misdemeanors, including the basis for the suspension of a driver's license.

Section 321J.2(4) outlines what may be considered a second or subsequent offense for purposes of criminal sentencing or license revocation. Each previous violation on which a conviction or deferred judgment was entered prior to the date of the violation charged shall be considered and

counted as a separate offense. Iowa Code § 321J.2(4)(c).

Iowa Code section 321.213, entitled "License suspensions or revocations due to violations by juvenile drivers", forms the basis for the parties' dispute. Section 321.213 provides:

Upon the entering of a dispositional order suspending or revoking the driver's license or operating privileges of the juvenile under section 232.52, subsection 2, paragraph "a", the clerk of the juvenile court shall forward a copy of the adjudication and the dispositional order to the department. **Notwithstanding section 232.55, a final adjudication in a juvenile court that the child violated a provision of this chapter or chapter 321A or 321J constitutes a final conviction for purposes of sections 321.189, subsection 7, paragraph "b", and sections 321.193, 321.194, 321.200, 321.209, 321.210, 321.215, 321.555, 321A.17, 321J.2, 321J.3, and 321J.4** (emphasis added).

According to Schweitzer, the language in section 321.213 applies only to license suspensions or revocations, and juvenile OWI adjudications may not be used as a predicate offense in subsequent criminal proceedings. We disagree.

We apply the rules of statutory construction only when the explicit terms of a statute are ambiguous. *Marcus v. Young*, 538 N.W.2d 285, 289 (Iowa 1995). Language that is unambiguous will be given its plain and rational meaning in light of the subject matter. *Id.* In looking for legislative intent, we are guided by what the legislature actually said, rather than what it should or could have said. *State v. Hatter*, 414 N.W.2d 333, 337 (Iowa 1987). If legislative intent is not apparent in the statute, we will look to other considerations to determine the purpose of the statute. *State v. Soppe*, 374 N.W.2d 649, 652 (Iowa 1985).

The fundamental rule is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. *Dep't of Transp. v. Iowa Dist. Court*, 559 N.W.2d 615, 617 (Iowa 1997). We may not, under the guise of construction, enlarge or otherwise change the terms of the statute. *State v. Byers*, 456 N.W.2d 917, 919 (Iowa 1990). A statute should be construed so that effect will be given to all of its provisions, and no part is superfluous or void. *State v. Harrison*, 325 N.W.2d 770, 772 (Iowa Ct.App.1982).

Schweitzer maintains that section 321.213 is a licensing and revocation statute by noting that section's title, "License suspension or revocations due to violations by juvenile drivers." The title of a statute, however, cannot limit the plain meaning of the text. *Atchison, Topeka, & Santa Fe Ry. Co., v. Bair*, 338 N.W.2d 338, 344 (Iowa 1983). We believe that section 321.213 carves out a specific exception to the general rule set forth in section 232.55 prohibiting a juvenile adjudication from being later used in an adult criminal proceeding. Section 321.213, in part, specifically provides that, notwithstanding section 232.55, a final adjudication in a juvenile court that a child violated the provisions of chapter 321J constitutes a final conviction for the purposes of sections 321J.2 and 321J.4. Thus, by its own clear wording, juvenile OWI adjudications are considered final convictions for purposes of criminal charges under section 321J.2 and license revocation under section 321J.4.

We likewise reject Schweitzer's argument that such an interpretation of section 321.213 is inconsistent with sections 232.55 and 321J.2(4). Section 232.55 merely sets forth a general prohibition against using a

juvenile adjudication as evidence in a subsequent proceeding. By its own terms, section 232.55 carves out a sentencing exception for persons adjudicated of an aggravated misdemeanor or greater.

Schweitzer also maintains that the holding in *Johnson v. Iowa Dep't of Transp.*, 446 N.W.2d 778 (Iowa 1989), supports his argument that a juvenile OWI adjudication may not be used to enhance a subsequent conviction for OWI. In *Johnson*, the defendant was arrested for OWI, first offense. *Johnson*, 446 N.W.2d at 779. The defendant had previously been convicted of a juvenile OWI offense. *Id.* The Department of Transportation revoked the defendant's license for one year, basing its decision in part on the defendant's previous juvenile OWI adjudication. *Id.* On appeal, the district court concluded that the juvenile adjudication could not be used to determine that the defendant was guilty of a second offense. *Id.* The supreme court reversed, ruling that because the issue raised on appeal did not involve a criminal sentencing proceeding but pertained to driver's license revocation, section 321.213 as contained in the 1987 Code permitted use of a juvenile adjudication as the basis to revoke a license. *Id.* at 780.

We find the holding in *Johnson* inapplicable to the present case. The language in current section 321.213 that provides that a juvenile adjudication of a violation of 321J is considered a final conviction for purposes of section 321J.2 is conspicuously absent from the language of section 321.213 contained in the 1987 Code.[1] Thus, section 321.213 as contained in the 1987 Code and interpreted by *Johnson* prohibited the use of a juvenile adjudication for

purposes of a violation of section 321J.2. Current section 321.213 does not.

 Schweitzer argues, in a footnote, that if we hold that section 321.213 allows juvenile adjudications to count as a predicate offense under section 321J.2, the provision is unconstitutionally vague. Raising this issue in a footnote, however, is considered insufficient for purposes of error preservation. *State v. Reddick*, 388 N.W.2d 201, 203 (Iowa Ct.App.1986).

We therefore affirm Schweitzer's conviction and sentence.

**AFFIRMED.**

---

1. Iowa Code section 321.213 (1987) provided "[n]otwithstanding section 232.55, a final adjudication in a juvenile court that the child violated a provision of ... chapter 321J constitutes a final conviction ... for purposes of section 321.189, subsection 2, paragraph "b", and sections 321.193, 321.194, 321.200, 321.209, 321.210, 321.215, and 321A.17."