# IN THE COURT OF APPEALS OF IOWA

No. 16-1703
Filed May 17, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CLERONE ISAAC REED JR.,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        Defendant appeals his convictions for two counts of first-degree theft.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Clerone Reed appeals his convictions for two counts of first-degree theft. We find the district court did not utilize an improper factor in sentencing Reed or abuse its discretion in imposing sentence. We determine the issue concerning appellate attorney fees is not yet ripe and do not consider it. We affirm Reed's convictions and sentences.

## I. Background Facts & Proceedings

On December 7, 2015, Martin Mullis and Joey Hesse reported they had been the victims of an armed robbery by several individuals at a drive-up ATM in Davenport. Reed was identified as one of the armed robbers. He was charged with robbery in the first degree.

On January 25, 2016, Reed contacted Daniel Priester, who was selling a PlayStation 4 and stated he was interested in purchasing it. When Priester arrived at an arranged location for the sale, Reed and Terrance Branigan showed Priester a gun and then took the PlayStation 4, some games, and Priester's cell phone. Officers discovered the box from the PlayStation 4 and a gun at Reed's home. Reed was charged with robbery in the second degree.

Reed, pursuant to a plea agreement, entered guilty pleas to two counts of theft in the first degree, in violation of Iowa Code section 714.2(1) (2016), a class "C" felony, and the State agreed to dismiss the robbery charges. The court accepted Reed's guilty pleas.

The sentencing hearing was held on September 8, 2016. The State recommended incarceration and consecutive sentences. Reed asked for a deferred judgment and probation, pointing out he was only eighteen years old.

The presentence investigation report (PSI) recommended incarceration, noting "the defendant's extensive juvenile criminal record and the very serious nature of these current offenses." The court sentenced Reed to a term of imprisonment not to exceed ten years on each count, to be served consecutively. The court stated:

> The reason for the sentence here is because of your, frankly, astonishing criminal history at age 18. As I look at your juvenile history, it simply takes my breath away. You have had enumerable problems on supervision. In this case you picked up a new charge while you were out on bond for the other case. You have been in numerous, numerous programs. So those are the reasons for the sentence, as is the recommendation of the PSI author and, quite frankly, protection of society. Those are the reasons for your sentences, and those reasons and the fact that there are separate incidents and separate victims in this case is why the Court is going to order that these sentences be served consecutively.

Reed now appeals his convictions and sentences.

## II. Sentences

**A.** Reed claims the district court improperly considered his juvenile delinquency adjudications without recognizing the mitigating features of youth necessarily attending such juvenile adjudications. He states the criminal conduct of a juvenile should be considered differently than the criminal history of an adult because juvenile delinquency adjudications under chapter 232 are different than criminal convictions. He points out, "a juvenile's culpability is lessened because the juvenile is cognitively underdeveloped relative to a fully-developed adult. This lessened culpability is a mitigating factor that the district court must recognize and consider." *See State v. Pearson*, 836 N.W.2d 88, 92 (Iowa 2013) (discussing sentencing considerations for a seventeen-year-old defendant who was tried as an adult).

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure, such as the trial court's consideration of impermissible factors." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997) (citing *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995)). "A trial court's sentencing decision is cloaked with a strong presumption in its favor, and an abuse of discretion will not be found unless a defendant shows such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

In pertinent part, section 232.55(2) provides:

> a. Adjudication and disposition proceedings under this division [Juvenile Delinquency Proceedings] are not admissible as evidence against a person in a subsequent proceeding in any other court before or after the person reaches majority except in a proceeding pursuant to chapter 229A or in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor.
> b. Adjudication and disposition proceedings may properly be included in a presentence investigation report prepared pursuant to chapter 901 and section 906.5.

Section 232.55 "provides a general prohibition on the consideration of juvenile adjudications as a criminal conviction for any purpose other than in the discretionary aspect of criminal sentencing in adult prosecutions for felonies and aggravated misdemeanors." *State v. Schweitzer*, 646 N.W.2d 117, 119 (Iowa Ct. App. 2002); *see also State v. Barker*, 476 N.W.2d 624, 627 (Iowa Ct. App. 1991) ("[T]he sentencing court may consider a juvenile record when sentencing for a felony.").

Under section 232.55(2), the district court could properly consider Reed's juvenile adjudications as he pled guilty to two counts of first-degree theft, class

"C" felonies. The statute does not require the court to consider the juvenile adjudications in any particular manner. We agree with the State's comment, "The characteristics of juveniles that renders them less culpable for their actions have already been considered in the venue of the juvenile justice system." We find the district court did not give improper consideration to Reed's juvenile adjudications.

**B.** Reed claims the district court failed to give sufficient consideration to his young age at the time of the offenses. Reed turned eighteen in November 2015. One of the offenses occurred in December 2015 and the other in January 2016. Reed states because he had just turned eighteen prior to the offenses, the court should have given his age more consideration.

Our supreme court has stated the special sentencing considerations for youthful offenders have no application for adult offenders. *State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014). The record shows the court considered Reed's age, eighteen, but also noted his extensive record of juvenile adjudications. The record shows Reed was involved in two serious felonies within a short period of time. We find the district court did not abuse its discretion in sentencing Reed.

**III.** **Appellate Attorney Fees**

Reed claims the district court improperly ordered he would be required to pay the entirety of his appellate attorney fees unless he filed a request for a hearing on the issue. At the present time, Reed has not been ordered to pay any appellate attorney fees. When such fees have been assessed, Reed may challenge the fees under the procedures found in section 910.7. We conclude this issue is not yet ripe for our review. *See Worthington v. Kenkel*, 684 N.W.2d

228, 234 (Iowa 2004) ("Our rules of judicial restraint generally preclude appellate review of issues that depend on matters not yet developed.").

We affirm Reed's convictions and sentences.

**AFFIRMED.**